IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ANGEL SHELBURNE,<br><br>    Plaintiff,<br><br>vs.<br><br>ACADEMY MORTGAGE CORP., a Utah corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation; and John Does 2 through 10,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER<br><br><br><br>Case No. 2:09-CV-757 TS |

Plaintiff moves for an ex parte Temporary Restraining Order without notice to enjoin Defendants from conducting a foreclosure sale of his home.[1] Plaintiff also moves for a Preliminary Injunction seeking the same relief.

Plaintiff's Motion alleges the following: On or about September 21, 2006, Defendant Academy Mortgage Group ("Academy") made a loan to Plaintiff in the amount of $317,323.00

---

[1] It appears that the sale has already taken place as it was scheduled for September 16, 2009, at 11:00 a.m. Plaintiff's Motion was not filed until after the sale was scheduled to take place and was not received by the Court until September 17, 2009.

secured by a Deed of Trust recorded against Plaintiff's residence.  Plaintiff alleges that Defendant Academy failed to: disclose the annual percentage rate to Plaintiff; disclose any of the fees paid directly or indirectly to others in connection with the loan; provide disclosures of Plaintiff's rights, particularly the right to rescind the loan transaction; and provide Plaintiff with two copies of the cancellation notice.  Plaintiff alleges that he is entitled to rescind the loan transaction under the Truth in Lending Act.  Plaintiff further alleges that he served Defendant Academy with a Notice of Recision and that Defendant Academy has not responded to that Notice.

Rule 65(b)(1)(A) and (B) of the Federal Rules of Civil Procedure permit issuance of a TRO on an ex parte basis "only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why notice should not be required."[2]

In the instant case, Plaintiff's Motion has not met the requirements of Rule 65(b)(1) for issuance of an ex parte TRO.  While Plaintiff's Motion contains a Certification of Counsel detailing the attempts Plaintiff's counsel has made to give notice, that Certification does not address specific reasons why notice should not be given to Defendants before issuance of the TRO.

It is therefore

ORDERED that Plaintiff's Motion for an Ex Parte Temporary Restraining Order is DENIED. The Court will set the Motion for a Preliminary Injunction for September 24, 2009 at

---

[2] Fed.R.Civ.P. 65(b)(1)(a) and (b) (emphasis added).

11:00 a.m. Plaintiff's counsel shall provide notice of the hearing to Defendants and file a copy of that notice with the Court.

DATED   September 17, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge