IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ANGEL SHELBURNE,<br><br>    Plaintiff,<br><br><br><br><br>vs.<br><br><br>ACADEMY MORTGAGE CORPORATION, a Utah corporation; John Does 1 through 10,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, DENYING AS MOOT PLAINTIFF'S MOTION FOR AN EXPEDITED PRELIMINARY INJUNCTION HEARING, AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO AMEND COMPLAINT<br><br><br><br>Case No. 2:09-CV-757 TS |

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction. Plaintiff previously sought a temporary restraining order, which the Court denied.[1] Plaintiff originally sought to prevent a foreclosure sale scheduled for September 16, 2009. As that sale has since occurred, Plaintiff seeks broader relief which would allow he and his family to remain in the

---

[1]Docket No. 7.

home until this litigation has concluded. Before the Court are also Plaintiff's Motion for an Expedited Preliminary Injunction Hearing, and Plaintiff's Motion to Amend Complaint. For the reasons set out below, the Court will deny Plaintiff's Motion for Preliminary Injunction, deny as moot Plaintiff's Motion for an Expedited Preliminary Injunction Hearing, and deny without prejudice Plaintiff's Motion to Amend Complaint.

## I.  BACKGROUND

Plaintiff's Motion alleges the following: On or about September 21, 2006, Defendant Academy Mortgage Group ("Academy") made a loan to Plaintiff in the amount of $317,323.00 secured by a Deed of Trust recorded against Plaintiff's residence. Plaintiff alleges that Defendant Academy failed to make certain disclosures as required under the Truth in Lending Act ("TILA"). Plaintiff alleges that he is entitled to rescind the loan transaction under TILA. Plaintiff further alleges that he served Defendant Academy with a Notice of Recision on August 12, 2009,[2] and that Defendant Academy has not responded to that Notice.

On August 27, 2009, Plaintiff filed the instant action. Plaintiff alleges that a foreclosure was scheduled for September 16, 2009, at 11:00 a.m. Plaintiff's original Motion sought to prevent that sale, though it was already scheduled to have taken place at the time Plaintiff filed his Motion.[3]

Plaintiff's Motion for Expedited Preliminary Hearing provides additional details as to what has occurred in this matter since Plaintiff filed his Motion for Preliminary Injunction. According to the Motion for Expedited Preliminary Injunction Hearing, the foreclosure sale did

---

[2] Docket No. 4, Ex. A.

[3] Plaintiff did not file this Motion until 4:31 p.m. on September 16, 2009. *See* Time Stamp on Docket No. 2.

go forward on September 16, 2009, and the home was sold. The purchaser then commenced eviction proceedings in state court. Plaintiff claims that the Summons and Complaint were not served on him, but were possibly served on his 12-year-old babysitter. Plaintiff makes various attacks on the state court proceedings which, as will be discussed below, are appropriately raised in state court, not this action.

On October 8, 2009, default judgment was entered against Plaintiff in the eviction action and a restitution order was entered against him the next day. Plaintiff was served with the restitution order on October 9, 2009. Plaintiff claims that, to that point, he was unaware of the eviction action. Plaintiff claims that the purchaser has now changed the locks to the home and has secured the windows to prevent access into the home. Plaintiff states that he was able to get some food items and some clothing for his children, but that the remainder of his family's personal belongings are still in the home.

## II. DISCUSSION

A.  MOTION FOR PRELIMINARY INJUNCTION

    *1.  Preliminary Injunction Standard*

"A preliminary injunction is an extraordinary remedy, and thus the right to relief must be clear and unequivocal."[4] In order for Plaintiffs to be entitled to a preliminary injunction, Plaintiffs must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not

---

[4]*Nova Health Systems v. Edmondson*, 460 F.3d 1295, 1298 (10th Cir. 2006).

adversely affect the public interest.[5]  If Plaintiffs can satisfy the last three requirements, the standard for meeting the first requirement becomes more lenient.[6]  If however, the preliminary injunction would disturb the status quo, as it would here, Plaintiffs bear a heightened burden and must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms.[7]

    *2.*    *Substantial Likelihood of Success on the Merits*

As an initial matter, the Court notes that there are serious doubts as to whether Plaintiff has named all, or any, of the necessary parties to this action.  Plaintiff's original Complaint named only Defendant Academy.  At the hearing on Plaintiff's Motion, counsel for Academy represented that it sold the mortgage at issue in October of 2006.  As a result, Defendant asserts that Plaintiff can no longer assert a claim of rescission against it because it no longer has an interest in the mortgage.

In response, Plaintiff cites to 15 U.S.C. § 1641(c), claiming that § 1641(c) provides that his Notice of Rescission applies to all assignees.  Plaintiff appears to argue that once the Notice of Rescission was provided to Defendant Academy Mortgage it applies to all assignees, regardless of whether actual notice was provided.  Section 1641(c) does not go nearly as far as Plaintiff suggests.  Rather, that provision only states that a "consumer who has the right to

---

[5] *General Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007).

[6] *Resolution Trust Corp. v. Cruce*, 972 F.2d 1195, 1199 (10th Cir. 1992).

[7] *General Motors Corp.*, 500 F.3d at 1226.

rescind a transaction under section 1635 of this title may rescind the transaction as against any assignee of the obligation."[8] The provision says nothing of notice.

Further, Plaintiff has not named any of the parties against which he currently seeks relief. As indicated, Plaintiff seeks the ability to remain in the home until these proceedings have finalized. To do so, it appears to the Court that it would be appropriate to name the entity that initiated the foreclosure proceedings as well as the individual who purchased the property at the foreclosure sale. Neither party is named.

Plaintiff has filed a Motion seeking to add Mortgage Electronic Registration Systems, Inc. ("MERS") as a Defendant. Plaintiff identifies MERS as the beneficiary of the Trust Deed. The Court will discuss Plaintiff's Motion to Amend Complaint below.

Putting aside these issues, the Court turns to Plaintiff's substantive arguments. Plaintiff brings this action pursuant to TILA. 15 U.S.C. § 1635(a) sets out TILA's right to rescind and provides:

> [I]n the case of any consumer credit transaction . . . in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

---

[8] 15 U.S.C. 1641(c).

TILA exempts "residential mortgage transactions" from § 1635.[9] A "residential mortgage transaction" is defined as "a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling."[10] Here, the Court finds, based on the materials before it, that the transaction at issue is a residential mortgage transaction because the loan was obtained to finance the acquisition of Plaintiff's dwelling. Therefore, § 1635(a) is not applicable here. A number of courts, including this one, have reached this same conclusion.[11]

Plaintiff argues, in his proposed Amended Complaint, that his right of rescission arises under 15 U.S.C. § 1635(i), which provides for a right of rescission in foreclosure actions under certain circumstances. However, this provision does not apply for the same reasons that § 1635(a) does not apply. The rights of rescission contained in § 1635 do not apply to "residential mortgage transactions," such as the transaction here.[12] Subsection 1635(i) is necessarily contained in § 1635. Thus, it is inapplicable.

Based on all of the above, the Court finds that Plaintiff has failed to show he is likely to succeed on the merits. Considering the remaining factors, the Court cannot conclude that they weigh so heavily in favor of granting the Motion as to make up for Plaintiff's failure to show a likelihood on the merits. Therefore, Plaintiff's Motion for Preliminary Injunction is denied.

---

[9]*Id*. § 1635(e)(1).

[10]*Id*. § 1602(w).

[11]*See Grealish v. Am. Brokers Conduit*, 2009 WL 2992570, *2 (D. Utah Sept. 16, 2009).

[12]15 U.S.C. § 1635(e)(1).

B. MOTION FOR AN EXPEDITED PRELIMINARY INJUNCTION HEARING

A matter of days before the scheduled hearing on Plaintiff's preliminary injunction, Plaintiff filed a Motion seeking an expedited hearing. That Motion detailed the events that have occurred since Plaintiff filed the original Motion, as set forth above.

In that Motion, Plaintiff takes issue with the state court eviction proceedings. In particular, Plaintiff argues that the state court lacked personal jurisdiction to enter default judgment and the restitution order because service of the Summons and Complaint was improper. Plaintiff asserts that the Summons and Complaint may have been served on Plaintiff's 12-year-old babysitter. Plaintiff argues that this service was improper under Utah Rule of Civil Procedure 4(d)(1)(A) because the babysitter was not a person of suitable age and discretion and she does not reside at the residence.

The proper venue for Plaintiff to raise these issues is in the state court which issued the default judgment and restitution order. Plaintiff cannot attempt an end-run around the state court proceedings by attacking them in this Court. Plaintiff has provided nothing that would give this Court the authority to undo the state court proceedings. Therefore, to the extent that Plaintiff's Motion seeks relief from the state court eviction proceedings, that Motion is denied.

Based on the above, the Court finds that the arguments made in Plaintiff's Motion for Expedited Hearing are now moot or should be addressed in state court. Therefore, that Motion too will be denied.

C. MOTION TO AMEND COMPLAINT

As set forth above, it appears to the Court that Plaintiff has failed to name a number of necessary parties. Plaintiff has filed a Motion to Amend Complaint seeking to add MERS as a Defendant. However, Plaintiff has indicated that it seeks to file yet another amended complaint

to add the purchaser of the property. Additionally, there may be other parties to add. Rather than deal with this in a piecemeal fashion, the Court will deny Plaintiff's current Motion to Amend Complaint and will provide Plaintiff an opportunity to file a revised motion, naming all necessary Defendants, within thirty days of this Order.

### III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Preliminary Injunction (Docket No. 6) is DENIED. It is further

ORDERED that Plaintiff's Motion for Expedited Preliminary Injunction Hearing (Docket No. 18) is DENIED AS MOOT. It is further

ORDERED that Plaintiff's Motion to Amend Complaint (Docket No. 12) is DENIED WITHOUT PREJUDICE. Plaintiff may file a revised Motion to Amend within thirty (30) days of this ORDER.

DATED October 21, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge